UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

RYAHN KHAN, an infant by his mother and natural
Guardian DR. TEHMINA HAQUE, and DR. TEHMINA
HAQUE individually,

                        Plaintiffs,

      -against-

Docket No.:

**NOTICE OF REMOVAL**

AMERICAN AIRLINES, INC.

                        Defendant.

-----------------------------------------------------------------X

**PLEASE TAKE NOTICE** that defendant, AMERICAN AIRLINES, INC., by and through its attorneys, RUTHERFORD & CHRISTIE, LLP, hereby removes this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. § 1441, § 1331 and § 1332.

1.     This action was commenced against AMERICAN AIRLINES, INC. in the Supreme Court of the State of New York, County of New York, by the filing of a Summons and Verified Complaint with the Clerk of the Court on or about June 2, 2008.

2.     Upon information and belief and pursuant to the averments in the Summons and Verified Complaint, plaintiffs are permanent residents of the County of Suffolk and, therefore, are domiciled in and citizens of, the State of New York.

3. At the time of service of the Summons and Verified Complaint, AMERICAN AIRLINES, INC. was and is incorporated under the laws of the State of Delaware, with its principal place of business in Texas and therefore is a citizen of the State of Delaware and of the State of Texas.

4. Therefore, the action is between citizens of different states as defined by 28 U.S.C. § 1332(a)(1).

5. The Complaint seeks damages due to the alleged conduct of AMERICAN AIRLINES, INC., in excess of the jurisdictional limitations of all lower Courts in the State of New York which would otherwise have jurisdiction and upon information and belief, the matter in dispute exceeds the sum of seventy-five thousand dollars exclusive of interest and costs.

6 This cause of action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332, in that the amount in controversy upon information and belief, exceeds $75,000 exclusive of interest and costs, and that it is between citizens of different states. By virtue of 28 U.S.C. §1441(a), this cause of action is removable to this Court.

7. Furthermore, Plaintiffs' claims raise a Federal question under the Air Carrier Access Act of 1986 - Title 49 Section 41705 and 42 U.S.C. § 1983 and is, therefore, removable under 28 U.S.C. 1331.

8. Defendant, AMERICAN AIRLINES, INC., was purportedly served with a copy of the initial pleading setting forth the claim upon which this action is based on or about June 3, 2008.

9. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days after receipt by the defendant, AMERICAN AIRLINES, INC., of a copy of the initial pleading.

10. Based upon the facts set forth above, this Notice of Removal is timely under 28 U.S.C. § 1446(b).

11. Pursuant to 28 U.S.C. 1446(a), copies of the Summons and Verified Complaint, which constitute all process, pleadings or orders served or filed by the parties in the Supreme Court of the State of New York, County of New York, are attached hereto as Exhibit "A" and made a part of this Notice by reference.

12. AMERICAN AIRLINES, INC., will pay all costs and disbursements by reason of this removal proceeding should it be determined that this case is not removable or is improperly removed.

13. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

**WHEREFORE**, and without waiver of any substantial or procedural defenses, AMERICAN AIRLINES, INC., requests that this Court assume jurisdiction over this action and make such further orders herein as may be required to properly determine its controversy.

Dated: New York, New York
June 9, 2008

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

By: _____
David S. Rutherford (DR 8564)
Attorneys for Defendant,
AMERICAN AIRLINES, INC.,
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799
Our File No.:3748.324


TO:   Law Offices of Kenneth M. Mollins, P.C.
      Attorneys for Plaintiffs
      425 Broadhollow Road, Suite 205
      Melville, New York 11747
      (631) 608-4100

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that copies of DEFENDANT'S NOTICE OF REMOVAL, TO THE CLERK OF THE SUPREME COURT, NEW YORK COUNTY, NOTICE OF REMOVAL and NOTICE TO ADVERSE PARTY OF FILING OF NOTICE OF REMOVAL were served via regular mail to Law Offices of Kenneth M. Mollins, P.C., Attorneys for Plaintiffs, 425 Broadhollow Road, Suite 205, Melville, New York 11747, on the 9th day of June, 2008.

RUTHERFORD & CHRISTIE, LLP

By: _____
David S. Rutherford (DR 8564)
Attorneys for Defendant,
AMERICAN AIRLINES, INC.
369 Lexington Avenue, 8th Floor
New York, New York 10017
(212) 599-5799
Our File No.: 3748.324

*Rush  41049*
*June 3rd 2008*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
RYAHN KHAN, an infant by his mother and natural
Guardian DR. TEHMINA HAQUE, and DR. TEHMINA
HAQUE individually,                                  Index No.: 10765 /08
          Plaintiffs,                      Filed on: JUNE 2ND /08

   -against-                                      **SUMMONS**

AMERICAN AIRLINES, INC.

          Defendant.
-----------------------------------------------------------------x

To the above-named Defendant:

   **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or if the Complaint is not served with this Summons, to serve a Notice of Appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service (or within thirty (30) days after service is complete if this Summons is not personally delivered to you within the State of New York) or in any other manner; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

   Plaintiffs designate New York County as the place of trial. The basis of venue is the County wherein Defendant has its principal business office. Defendant's office address is care of CT Corporation System, 111 8th Avenue, New York, N.Y.

Dated: Melville, New York
       May 30, 2008       Law Offices of Kenneth M. Mollins, P.C.
                               Attorneys for Plaintiffs
                               By: _____
                               Kenneth M. Mollins, Esq.
                               425 Broadhollow Road, Suite 205
                               Melville, New York 11747
                               (631) 608-4100

To:   American Airlines, Inc.
       C/o CT Corporation System
       111 8th Avenue
       New York, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X
RYAHN KHAN, an infant by his mother and natural
Guardian DR. TEHMINA HAQUE, and DR.
TEHMINA HAQUE individually            Index No.:_____/08
                Plaintiffs,

    -against-                                **COMPLAINT**

AMERICAN AIRLINES CORPORATION,

                Defendant.

------------------------------------------------------------X

Plaintiffs Ryahn Khan, an infant by his mother and natural guardian Dr. Tehmina Haque and Dr. Tehmina Haque individually ("Plaintiffs"), by their attorneys, The Law Office of Kenneth M. Mollins, P.C. respectfully allege as follows:

**PARTIES**

1. At all times relevant herein Plaintiff Ryahn was, and is, an infant individual residing in the County of Suffolk, City and State of New York.

2. At all times relevant herein Plaintiff Dr. Tehmina Haque was, and is, a individual residing in the County of Suffolk, City and State of New York.

3. Upon information and belief, at all relevant times herein Defendant American Airlines, Inc. ("Defendant") was, and is, a corporation duly organized and existing under the laws of the State of New York.

4. Upon information and belief, at all relevant times herein Defendant was, and is, a foreign corporation duly authorized to conduct business in the State of New York.

5. Upon information and belief, at all relevant times herein Defendant was, and is, a corporate entity engaged in the business of operating a passenger airline for domestic airline travel.

**FACTS**

6. In or about February 2008, Plaintiff Dr. Haque purchased five airline tickets from Defendant for herself and her family, including Plaintiff Ryahn her four year old son, to travel for a family vacation from New York's John F. Kennedy Airport to California's LAX airport.

7. The flight was for April 18, 2008 – flight number 133.

8. Plaintiff Dr. Haque purchased the airline tickets from Defendant knowing that Defendant had a policy of not serving packaged nuts aboard its flights.

9. This policy was of critical importance to Plaintiff since Plaintiff's four year old son has a severe life threatening anaphylactic allergy to treenuts and to nuts. In addition to suffering from asthma which increases the risk of anaphylactic reaction.

10. In or about February 2008, Plaintiff Dr. Haque called placed a telephone call into Defendant's corporate office to advise Defendant of her family's April 18, 2008 flight and her son's life threatening treenut and nut allergy so as to insure that the flight would be nut free, as safe as possible with minimal risk

and therefore safe for her son's travel. Plaintiff Dr. Haque called again one week before flight to confirm the information detailed above.

11. The agent with whom Plaintiff Dr. Haque spoke again in the week before their flight advised Plaintiff that she was making a record of Plaintiff's son's allergy for the April 18, 2008 flight 133 crew.

12. On April 18, 2008, Plaintiff Dr. Haque arrived with her family, including her son Ryahn, at JFK airport to board flight 133 to LAX. Plaintiff approached the boarding gate and again advised Defendant's agent of her son's life threatening tree nut and peanut allergy.

13. The boarding gate agent checked the computer and assured Plaintiff Dr. Haque that no nuts of any kind would be served on the flight.

14. Having been reassured by Defendant's agent that no nuts of any kind would be served during the flight, Plaintiff and her family, including her four year old son, boarded flight 133 to LAX.

15. Still concerned for her son's safety, and in an excess of caution, Plaintiff Dr. Haque advised the first flight attendant she encountered upon boarding flight 133 of her son's life threatening tree nut and peanut allergy.

16. The flight attendant appeared concerned and inquired where Plaintiff and her family would be sitting on the plane.

17. Once seated and settled, the flight attendant with whom Plaintiff Dr. Haque had spoken upon boarding the plane approached Plaintiff, knelt at Plaintiff's seat and inquired as to the severity of Plaintiff's son's nut allergy.

18. Plaintiff Dr. Haque advised the flight attendant that her son's allergy was very serious and life threatening inasmuch his reaction to nuts was anaphylactic. Moreover, Plaintiff advised the fight attendant that there was no way of telling how much of an exposure to nuts was needed before a reaction was triggered.

19. Plaintiff Dr. Haque advised the flight attendant of her great concern in being in an enclosed aircraft, with recirculated air, some thirty thousand feet in the air with no immediate access to emergent medical care.

20. The flight attendant seemed to share Plaintiff's concern; advised Plaintiff Dr. Haque that she was very aware of a child who also had a food allergy and so understood the severity of the situation. The flight attendant then advised Plaintiff that she would advise the Purser of Plaintiff's situation.

21. Sometime after the flight attendant left to advise the Purser of Plaintiff's son's allergy, the Purser approached Plaintiff Dr. Haque and advised Plaintiff that no nuts of any kind would be served in the main cabin, but that he absolutely had to serve nuts in First Class and inquired if that would be okay.

22. The Purser made it clear that Plaintiff really had no choice as First Class passengers allegedly get very upset if they don't get served nuts aboard the flight and they had an absolute right to be sold and/or served nuts.

23. Given the fact that Plaintiff was really given no choice, Plaintiff Dr. Haque advised the Purser that she did not really now how to respond to him, especially since other Defendant representatives had stated that no nuts of any kind would be served during the flight.

24. Shortly thereafter, the gate attendant who had previously advised Plaintiff D. Haque that no nuts would be served during the flight, boarded the plane with two additional flight attendants one of whom was named "Marci".

25. Marci came charging down the plane aisle shouting in a loud and abusive voice "Alright, which one of you is the allergy victim?" This loud and conspicuous demonstrative display occurred despite the fact that 14 CFR 382 Section 382.45 dictates "individual safety briefings for qualified individuals with a disability shall be conducted as inconspicuously and discreetly as possible".

26. Plaintiff's four year old son Ryahn became agitated and stunned upon hearing Marci's loud and aggressive inquiry. Plaintiff Dr. Haque immediately directed Marci's focus away from Plaintiff's son and fielded Marci's inquiry.

27. Marci advised Plaintiff Dr. Haque in a loud and aggressive tone that it did not matter what anyone else had told Plaintiff but that she would be serving nuts in the main cabin, despite the allergy complained of and despite prior assurances.

28. Stunned, Plaintiff Dr. Haque inquired whether or not any announcement would be made to the crew and passengers. Plaintiff made this inquiry as she had a recent previous experience with Jet Blue Airlines where two announcements were made to the crew and passengers that a passenger had a severe nut allergy; advised all that no nuts would be served during the flight and requested that all passengers please refrain from opening up any products containing nuts during the flight. In fact, Jet Blue eliminated any

snack containing nuts from their selection in accordance with the law and in protecting their disabled passenger.

29. Marci responded to the Plaintiff sarcastically and in a belittling tone "exactly what do you want us to say - don't buy the nuts?"

30. Marci further advised Plaintiff Dr. Haque that "we cannot discriminate against all these people for just one person."

31. During the same time that Marci was making the comments noted above, another flight attendant was reading to Plaintiff Dr. Haque from a piece of paper which seemingly was some sort of disclaimer from Defendant concerning the service of nut products during the flight.

32. Also at the same time that Marci was making the comments noted above and a second flight attendant was allegedly reading some sort of disclaimer, the gate attendant who had boarded the plane was trying to advise Marci that he was the one who assured Plaintiff Dr. Haque that no nuts would be served during the flight. Marci however ignored the gate attendant's comments.

33. After reading the alleged disclaimer, that flight attendant sarcastically stated "I don't understand what the difference is if your child were on the playground and other children there had been eating peanut butter."

34. Interrupting Marci's tirade, Plaintiff Dr. Haque responded to the flight attendant "Thirty-five thousand feet and recirculated air," to which the flight attendant responded "Good point."

35. During this tirade and commotion, the flight attendant kept trying to reread the disclaimer to Plaintiff, despite Plaintiff Dr. Haque asking them to stop, and

inquiring of Plaintiff as to whether she understood the disclaimer. 14 CFR 382 Section 382.45 states "carrier personnel shall not require any qualified individual with a disability to demonstrate that he or she has listened, read or understood the information presented".

36. Plaintiff Dr. Haque, visibly upset at this point and in tears, responded that the only thing she understood was that the attendants did not care about the well being of her son.

37. Plaintiff's son Ryhan who heard everything that was going on and saw Plaintiff start to cry, became upset and concerned repeatedly asking his mother if she was alright. Plaintiff Dr. Haque's daughter also became emotional as a result of the crew's loud and insulting demeanor towards her brother and her mom. This further aggravated the emotional distress of the plaintiff Dr. Haque

38. Plaintiff, not only concerned about her son's safety imprisoned upon a plane wherein the flight crew and attendants not only recklessly and carelessly disregarded the health and well being of her son, but intentionally and recklessly endangered his life, was also concerned about her son's emotional well being as he grew more agitated about what was going on between Plaintiff and the various flight attendants.

39. Indeed, other passengers on the plane began to show signs of disgust in response to the scene that was being made by Defendant's flight attendants. One passenger in row 28 stood up, confronted the flight attendants and

shouted "Doesn't this just make intuitive sense to all of you? What do you want her to do, buy all the nuts on the plane?"

40. The flight attendants completely ignored this passenger who finally sat down in disgust shaking his head.

41. Contrary to Defendant's policy of serving no nuts; contrary to the representations of Defendant's agents that were made to Plaintiff, and despite Plaintiff advising Defendant's agents of her son's life threatening allergy to treenuts, Defendant sold and/or served nuts during the flight, even though there was at least 5 other options for sale at that time.

42. For the entire flight from New York's JFK airport to California LAX airport, Plaintiff remained fearful, tense and anxious as she watched over her son's every breath and body twitch concerned that at any moment her son could have an anaphylactic reaction while imprisoned thirty-five thousand feet in the air which could result in his death in minutes.

43. Adding to Plaintiff's acute anxiety was the fact that at the tender age of four years, Plaintiff's son was not mature enough to communicate to Plaintiff the initial warning signs that could signal the beginning of an allergic reaction.

44. Plaintiff remained in a constant and heightened state of acute anxiety about her son's well being until the plane landed in California's LAX airport and Plaintiff and her family began to exit the plane.

45. While exiting the plane, the Purser advised Plaintiff to write into AA.com. Plaintiff's son responded to the comment that he would never fly American Airlines again to which one of the flight attendants replied "I don't blame you."

### AS AND FOR A FIRST CAUSE OF ACTION

46. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "45" above with the same force and effect as if fully set forth at length below.

47. The Defendant's agents' unreasonable and outrageous acts and actions set forth hereinabove went well beyond the scope of normal aircraft operations.

48. The Defendant's agent's unreasonable and outrageous acts and actions set forth hereinabove were beyond the scope of their authority to provide services to airline passengers.

49. The Defendant's agents' unreasonable and outrageous acts and actions set forth hereinabove were conducted intentionally and with conscious awareness of the ramifications thereof.

50. Defendant's agents' acts and actions set forth hereinabove were so abusive, unprofessional, extreme and outrageous so as to be intolerable to a civilized society.

51. Defendant's agents' acts and actions set forth hereinabove were so extreme in degree and outrageous in character so as to exceed all bounds of decency.

52. Defendant's agents' intentional, wanton and reckless acts and actions set forth hereinabove caused Plaintiff Dr. Haque severe acute anxiety; severe emotional distress and fear for the life and safety of her four year old son.

53. Defendant's intentional infliction of emotional distress caused Plaintiff Dr. Haque to suffer damages in an amount to be determined by a jury at a trial of this action.

54. Defendant's agents' acts and actions set forth hereinabove were not only intentional, but were so reckless, wanton, and malicious that it warrants an award of punitive damages in an amount to be determined by a jury at trail of this action.

### AS AND FOR A SECOND CAUSE OF ACTION

55. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "54" above with the same force and effect as if fully set forth at length below.

56. Defendant breached its own policy regarding the service of nuts during a flight with a passenger who suffers from a nut allergy by serving packaged nuts during flight 133 on April 18, 2008.

57. Defendant's breach of its own policy placed Plaintiff's son's life in danger causing Plaintiff Dr. Haque to suffer severe and acute emotional distress and concern during the entire flight.

58. As such, Defendant's breach of its own policy regarding the service of nuts during a flight with a passenger who suffers from a nut allergy resulted in Plaintiff Dr. Haque suffering damages in an amount to be determined by a jury at a trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION

59. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "58" above with the same force and effect as if fully set forth at length below.

60. In or about August 1998, the Department of Transportation declared a nut allergy a disability under the Air Carrier Access Act of 1986 – Title 49 Section 41705.

61. Accordingly, Plaintiff's son Ryahn, who has a severe, life threatening treenut allergy is considered disabled under the Air Carrier Access Act.

62. Plaintiff Dr. Haque gave Defendant multiple notices of her son's severe, life threatening tree nut and peanut allergy and the fact that he would be a passenger on Defendant's flight 133 on April 18, 2008.

63. Despite being given notice of Plaintiff's son's tree nut and peanut allergy, and despite the provisions and requirements of the Air Carrier Access Act, Defendant failed to make any accommodation for Ryahn and deliberately; wantonly and with a reckless disregard of Ryahn's life, safety and welfare, served packaged nuts throughout the entire cabin during flight 133 on April 18, 2008.

64. As a result, Defendant breached and violated Plaintiff's son's Civil Rights under 42 USC section 1983.

65. As a result of Defendant's violation of Ryahn's Civil Rights, Ryahn has been damaged in an amount to be determined at trial.

66. Furthermore, Ryahn is entitled to an award of punitive damages, in an amount to be determined at trial, as a result of Defendant's egregious conduct.

67. Plaintiff Ryahn is also entitled to an award of attorneys' fees pursuant to the Civil Rights Attorneys Fees Awards Act of 1976 in an amount to be determined at a hearing after trial, but in no event believed to be less than $25,000.00.

WHEREFORE, based upon all of the foregoing, Plaintiffs demand judgment as follows:

(a) ON THE FIRST CAUSE OF ACTION: A monetary judgment in favor of Plaintiff Dr. Haque and against Defendant for compensatory damages in a sum to be determined after trial as well as for punitive damages in a sum to be determined by a jury at the trial of this action;

(b) ON THE SECOND CAUSE OF ACTION: A monetary judgment in favor of Plaintiffs and against Defendant for compensatory damages in a sum to be determined after trial;

(c) ON THE THIRD CAUSE OF ACTION: A monetary judgment in favor of Plaintiff Ryahn and against Defendant for (1) compensatory damages in a sum to be determined after trial; (2) for punitive damages in a sum to be determined by a jury at the trial of this action, and (3) for attorneys fees to be determined at

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------x
RYAHN KHAN, an infant by his mother and natural          Index No.:_____/08
Guardian DR. TEHMINA HAQUE, and DR. TEHMINA
HAQUE individually,

                                Plaintiffs,
       -against-

AMERICAN AIRLINES, INC.,

                                Defendant.

## SUMMONS AND COMPLAINT

Attorneys for Plaintiff
425 Broad Hollow Road
Suite #215
Melville, New York  11747
(631) 608-4100
Fax No.: (631) 608-4107

T:\MICHELLE\BACKS.DOC