UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
RYAHN KHAN, an infant by his mother and natural
Guardian DR. TEHMINA HAQUE, and DR. TEHMINA
HAQUE individually,

                    Plaintiffs,                              08 CV 5246 (NRB)

    -against-

AMERICAN AIRLINES, INC.,

                    Defendant.

-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>AMERICAN AIRLINES INC.'S MOTION FOR DISMISSAL</u>

Of Counsel:   David S. Rutherford, Esq.
                Jeremy P. Spiegel, Esq.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................1

PROCEDURAL HISTORY.................................................................................................1

STATEMENT OF FACTS...................................................................................................2

STANDARD OF REVIEW...................................................................................................4

PLAINTIFF DR. HAQUE'S FIRST CAUSE OF ACTION ALLEGING
    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS
    PREEMPTED.................................................................................................................5

PLAINTIFF DR. HAQUE'S SECOND CAUSE OF ACTION MUST BE
    DISMISSED AS AMERICAN AIRLINES DOES NOT GUARANTEE
    A NUT FREE FLIGHT NOR DID AMERICAN AIRLINES NEGLIGENTLY
    INFLICT EMOTIONAL DISTRESS.............................................................................9

PLAINTIFF, RYAHN KHAN'S THIRD CAUSE OF ACTION OF A VIOLATION
    OF HIS CIVIL RIGHTS UNDER EITHER 42 USC SECTION 1983 OR
    THE AIR CARRIER ACCESS ACT ARE IMPROPER.............................................11

CONCLUSION ..................................................................................................................14

## TABLE OF AUTHORITIES

**Cases:**

Air Transport Association of America v. Cuoma,
520 F. 3d 218 (2nd Cir. 2008)...............................................................................................6

Blum v. Yaretsky,
457 U.S. 991 (1982)..............................................................................................................12

Bolt v. Elec. Inc. v. City of New York,
53 F. 3d 465, 469 (2d Cir. 1995).......................................................................................4

Cortec Induc., Inc. v. Sum Holding, L.P.,
949 F.2d 42, 46-48 (2d Cir. 1991)....................................................................................9

D'Angelo-Fenton  v. Town of Carmel,
470 F. Supp. 2d 387, 400 (S.D.N.Y.2007).......................................................................11

Eagleston v. Guido,
41 F.3d 865, 875 (2d Cir. 1994).........................................................................................12

Farash v. Continental Airlines,
2008 WL 2276660 (S.D.N.Y. 2008)............................................................................4, 5, 7

Gindi v. Silvershein.
1995 WL 347397 (S.D.N.Y. 1995).....................................................................................4

Gluckman v. American Airlines, Inc.,
844 F. Supp 151 (S.D.N.Y. 1994).......................................................................................8

Hanig v. Yorktown CSD,
384 F.Supp.2d 710 (S.D.N.Y. 2005)....................................................................................9

Hirsch v. Arthur Andersen Co.,
72 F. 3d 1085, 1088 (2d Cir. 1995).....................................................................................4

Hishon v. King & Spaulding,
467 U.S. 69, 73, (1984)........................................................................................................4

H.J. Inc. v. Northwestern Bell Tel. Co.,
492 U.S. 229, 249-50 (1989)................................................................................................4

Jones v. Commerce Bancorp, Inc.,

2006 WL 1409492 (S.D.N.Y. 2006)..........................................................................10

Lee v. State of N.Y. Dep't of Corr. Servs.,
    1999 WL 673339 (S.D.N.Y. Aug. 30, 1999)........................................................9

Love v. Delta Airlines,
    310 F. 3d 1347 (11th Cir. 2002)........................................................................13

Lugar v. Edmondson Oil Co.,
    457 U.S. 922 (1982)........................................................................................12

Martin v. Citibank, N.A.,
    762 F. 2d 212 (2d Cir. 1985)..............................................................................8

Morales v. Trans World Airlines, Inc.,
    504 U.S. 374 (1992)..........................................................................................5

Mortise v. United States,
    102 F. 3d 693 (2d Cir. 1996).............................................................................10

Panitch, by way of her Guardian Ad Litem, Richard Panitch v. Continental Airlines,
    2008 WL 906240 (D.N.J.)...................................................................................6

Rombom v. United Air Lines, Inc.,
    867 F. Supp. 214, 222 (S.D.N.Y. 1994)..........................................................7, 13

Ruta v. Delta Airlines, Inc.,
    322 F. Supp. 2d 391 (S.D.N.Y. 2004)..............................................................8, 13

Spear v. Town of West Hartford,
    954 F. 2d 63, 68 (2d Cir. 1992).........................................................................12

Stephens v. Shuttle Associates, LLC,
    547 F. Supp. 2d 269 (S.D.N.Y. 2008).................................................................10

United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.,
    941 F. 2d 1292, 1295-96 (2d Cir. 1991).............................................................12

U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobas,
    No.98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001)......................9

Wright v. American Airlines, Inc.,
    249 F.R.D. 572 (E.D. MO 2008).......................................................................13

Yak v. Bank Brussels Lambert, BBL (USA) Holdings, Inc.,
     252 F.3d 127 (2d Cir. 2001)...............................................................................................9

**Statutes, Rules, Regulations, Amendments & Articles**

*42 U.S.C. §1441, § 1331 and §132*

*Air Carrier Access Act of 1986-Title 49 Section 41705,*

*14 CFR § 382.45*

*Rule 12(b)(6) of the Federal Rules of Civil Procedure*

*42 U.S.C. § 1983*

*Airline Deregulation Act of 1978, 49 U.S.C. § 41713(b)(1)*

## PRELIMINARY STATEMENT

The plaintiffs commenced this action in the Supreme Court of the State of New York, New York County, alleging state law claims of intentional and negligent infliction of emotional distress. Plaintiffs also allege civil rights violations and violations under the Air Carrier Access Act. The plaintiffs seek compensatory damages and punitive damages.

The defendant, American Airlines Inc., removed this action to this Honorable Court pursuant to 28 USC §1441, §1331 and §1332. In addition to diversity jurisdiction, plaintiffs' claim raises a federal question under the Air Carrier Access Act of 1986-Title 49 Section 41705, 42 USC §1983 and 14 CFR §382.45.

The defendant, American Airlines Inc., (hereinafter referred to as "American Airlines"), respectfully submits this Memorandum of Law in Support of their Motion for Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as plaintiffs have failed to plead a recognized legal theory against American Airlines upon which relief may be granted. Also submitted in support of the instant motion is the Declaration of David S. Rutherford, with exhibits annexed thereto.

## PROCEDURAL HISTORY

The plaintiffs were passengers on an American Airlines flight from John F. Kennedy International Airport to Los Angeles International Airport on April 18, 2008. The plaintiffs, who were seated in the main cabin, maintain that they advised American Airlines that plaintiff Ryahn Khan has a severe allergy to tree nuts prior to boarding the aircraft. They further allege that they suffered emotional distress as a result of the fact that nuts were then served in the First Class section

1

of the aircraft during the flight. The plaintiffs' complaint contains three causes of action: intentional infliction of emotional distress, breach of the airline's policy concerning the service of nuts; and violation of plaintiff Ryan Khan's civil rights under 42 U.S.C. § 1983. The plaintiffs filed their Complaint **(Exhibit "A" to Declaration of David S. Rutherford)** on or about June 24, 2008. Accordingly, this motion is submitted in lieu of an Answer as the Complaint fails to properly plead any cause of action upon which relief may be granted.

## STATEMENT OF FACTS

For the purposes of this motion, the following facts alleged in the plaintiffs' Complaint are assumed to be true, but in no way signifies that the defendant accepts their truth. In or about February 2008, plaintiff, Dr. Haque, purchased five airline tickets from defendant, American Airlines, for herself and her family, including plaintiff Ryahn Khan, her four year old son, to travel for a family vacation from New York's John F. Kennedy Airport to California's LAX airport. (Exhibit "A" at ¶6). The flight was for April 18, 2008. (Exhibit "A" at ¶7). Plaintiff, Ryahn Khan claims to have a severe allergy to tree nuts and to peanuts. (Exhibit "A" at ¶9). In or about February 2008, plaintiff Dr. Haque claims she contacted American Airlines to advise of the April 18, 2008 flight and her son's nut allergy. (Exhibit "A" at ¶10). Plaintiff claims that she called American Airlines once again, one week before her flight to confirm receipt of this information. (Exhibit "A" at ¶10). Plaintiff, Dr. Haque, also claims that prior to boarding, she advised the gate agent of the nut allergy and was advised that no nuts of any kind would be served upon the flight. (Exhibit "A" at ¶12, 13). Once upon the aircraft, plaintiff, Dr. Haque, claims that the she then advised the first flight attendant of the nut allergy, who in turn advised the purser. (Exhibit "A" at ¶15, 20). The purser

approached plaintiff Dr. Haque and advised that no nuts of any kind would be served in the main cabin, but that nuts would be served in First Class. (Exhibit "A" at ¶21).

Thereafter, another flight attendant known as "Marci", asked in what is claimed to be a loud and abusive voice: "Alright, which one of you is the allergy victim?" (Exhibit "A" at ¶25). It is also claimed that "Marci" advised in a loud and aggressive tone that it did not matter what anyone else had told plaintiff but that she would be serving nuts in the main cabin, despite the allergy complained of and despite prior assurances. (Exhibit "A" at ¶27). Plaintiff Dr. Haque also claims that "Marci" responded to plaintiff "exactly what do you want us to say- don't buy the nuts?" (Exhibit "A" at ¶29). Plaintiff, Dr. Haque, claims that during the time that "Marci" was making her comments, another flight attendant was reading from a piece of paper which seemingly was some sort of disclaimer concerning the service of nut products during the flight. (Exhibit "A" at ¶31). It is claimed that this other flight attendant kept trying to reread the disclaimer to plaintiff, despite Dr. Haque asking them to stop. (Exhibit "A" at ¶35).

It is also claimed that other passengers on the aircraft began to show signs of disgust in response to the scene that was being made by defendant's flight attendants. (Exhibit "A" at ¶39). Plaintiffs claim that one passenger stood up, confronted the flight attendants and shouted "doesn't this just make intuitive sense to all of you? What do you want her to do, buy all the nuts on the plane?" (Exhibit "A" at ¶39). Plaintiffs claim that, notwithstanding, defendant sold or served nuts during the flight. (Exhibit "A" at ¶41).

Besides the humiliation and embarrassment, the plaintiffs claim that they were fearful, tense and anxious the entire flight from New York to California. (Exhibit "A" at ¶42-44).

3

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249-50, (1989), *quoting,* Hishon v. King & Spaulding, 467 U.S. 69, 73, (1984).

The district court should grant a motion to dismiss, after viewing plaintiff's allegations in a favorable light, if, as at bar, it "appears beyond doubt that the plaintiff can prove no set of facts in support of her claim which would entitle her to relief." Bolt v. Elec. Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995); see also, Gindi v. Silvershein, 1995 WL 347397 (S.D.N.Y.1995). In general, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." see Hirsch v. Arthur Andersen Co., 72 F.3d 1085, 1088 (2d Cir. 1995).

Moreover, the "determination of reasonableness for preemption under the Airline Deregulation Act is a question of law, either where no dispute exists as to the extent of the conduct, or where a court accepts plaintiffs' version of the conduct." Farash v. Continental Airlines, 2008 WL 2276660 (S.D.N.Y.2008). In keeping with this holding, district courts in this circuit have applied preemption analysis under the Airline Deregulation Act in the context of a motion to dismiss. Id.

4

## PLAINTIFF DR. HAQUE'S FIRST CAUSE OF ACTION ALLEGING INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS PREEMPTED

All of the plaintiffs causes of action in this matter are preempted by the Airline Deregulation Act of 1978, 49 U.S.C. §41713. Preemption is provided for by the Supremacy Clause of the United States Constitution. The Supremacy Clause provides:

> This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the Supreme Law of the Land; and the Judges in every state shall be bound thereby, any thing the Constitution or Laws of any state to the contrary notwithstanding. (U.S. Const., Art VI, cl 2).

"Preemption may be either express or implied, and is compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." Morales v. Trans World Airlines, Inc., 504 U.S. 374 (1992). In 1978 Congress enacted the Airline Deregulation Act (ADA), which largely deregulated domestic air transport. "Maximum reliance on competitive market forces, rather than economic regulation, would best further efficiency, innovation, and low prices, as well as variety and quality...of air transportation." Farash v. Continental Airlines Inc., 2008 WL 2276660 (S.D.N.Y.2008). "To ensure that the states would not undo federal deregulation with regulations of their own," Congress included a federal preemption provision, Section 105, which is now codified at 49 U.S.C. §41713(b)(1). The provision reads, in pertinent part:

> "Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route or service of an air carrier that may provide air transportation under this subpart" 49 U.S.C. §41713(b)(1)

5

The Second Circuit Court of Appeals has held that "a majority of the circuits to have construed 'service' have held that the term refers to the provision or anticipated provision of labor from the airline to its passengers and encompasses matters such as boarding procedures, baggage handling and food and drink matters incidental to and distinct from the actual transportation of passengers." <u>Air Transport Association of America v. Cuomo</u>, 520 F. 3d 218, 223 (2nd Cir.2008). Accordingly, the provision of food and beverage to in-flight customers is clearly a direct service within the meaning of the ADA's preemption provision. <u>Id</u> at 223. There, the Court of Appeals held that "requiring airlines to provide food, water, electricity and restrooms to passengers during lengthy ground delays does relate to the service of an air carrier and therefore falls within the express terms of the Airline Deregulation Act's preemption provision." <u>Id</u>. at 223. As such, an attempt to modify or regulate such food and beverage service was properly dismissed.

Specifically, the Second Circuit Court of Appeals has provided guidance that preemption applies to the service of allergen free foods or any announcements to that effect. "A state is not free to require allergen free food options on its outbound flights, nor is a state free to require any announcement it wishes on all planes arriving in, or departing from, its soil." <u>Air Transport Association of America v. Cuomo</u>, 520 F. 3d 218, 225 (2nd Cir.2008). "To do so would unravel the centralized federal framework for air travel." <u>Id</u>. at 225.

More specifically, it has previously been determined that the provision of peanuts to hungry passengers constitutes a service provided by the airlines and an allergic plaintiff's claim for negligent/intentional infliction of emotional distress resulting from the service of peanuts was properly preempted. <u>Panitch, by way of her Guardian Ad Litem, Richard Panitch v. Continental</u>

Airlines, 2008 WL 906240 (D.N.J.). There, the plaintiff was a teenage female with a severe peanut and tree nut allergy. In Panitch, the airline denied plaintiff's father's request that no nuts be served on the flight from Newark to Orlando or that a buffer zone of no peanuts be created on-board the flight. Since the provision of peanuts to hungry passengers was determined to clearly be a service within the Act, the plaintiff's claim for emotional distress as a result of the airline's refusal to permit such an accommodation to the allergic passenger was properly preempted and dismissed. Id.

Likewise, the activity at issue here, and the resulting claims of emotional distress, involve the direct service of nuts and snacks aboard the aircraft to hungry passengers. Accordingly, the plaintiffs' claims of emotional distress resulting from the service or disservice of such snacks, as well as the airline's refusal to permit accommodations to an allergic passenger, should be preempted and dismissed as a matter of law.

In addition, any claim regarding the quality of the service on the flight and/or the conduct of the flight attendants, including the tone of their voice, relates to service and is preempted. This court continues to hold that "if a flight attendant asked a rambunctious passenger to be quiet, even in a rude way, that action would be reasonably necessary to the provision of a service." Farash v. Continental Airlines, 2008 WL 2276660 (S.D.N.Y.2008). Claims of "rude and unprofessional actions, such as treating passengers as children, were also preempted as the actions were reasonable and not outrageous." Rombom v. United Air Lines, Inc., 867 F.Supp. 214, 222 (S.D.N.Y.1994). "Rude communications and uncaring treatment between flight attendants and customers, when communications are designed to effect a service are preempted. Farash v. Continental Airlines, 2008 WL 2276660 (S.D.N.Y.2008). "Claims of negligent and

7

intentional infliction of emotional distress, as well as tort claims based on rudeness and

unprofessional conduct are preempted, because airlines conduct of ejecting passenger from her

seat was not outrageous or unreasonable." Ruta v. Delta Airlines, Inc., 322 F. Supp. 2d 391

(S.D.N.Y.2004). Here, any type of communication was directly related and reasonably necessary

to the service of food aboard the flight and, thus, is preempted. Such communications, even if

considered rude, were necessary in communicating to the plaintiffs that nuts would be served on

the flight. Accordingly, the claims based on quality of in-flight services, the conduct of the flight

crew, the service of nuts and any resulting distress should be preempted under the ADA.

Even assuming that plaintiff, Dr. Haque's claims are not preempted, her claim for

intentional infliction of emotional distress must fail. In order to prevail in an action for

intentional infliction of emotional distress, the plaintiff's allegations must show that the

defendant's actions were extreme and outrageous and the conduct must be intentionally directed

at the plaintiff. See Martin v. Citibank, N.A., 762 F. 2d 212 (2d Cir. 1985). "A plaintiff must

describe conduct so outrageous in character and so extreme in degree, as to go beyond all

possible bounds of decency and to be regarded as atrocious, and utterly intolerable in a civilized

community." Gluckman v. American Airlines, Inc., 844 F. Supp. 151 (S.D.N.Y.1994).

Plaintiffs claim that "the defendant's agent's acts were unreasonable and outrageous and

went well beyond the scope of normal aircraft operations." However, plaintiffs ignore the

longstanding history of airlines providing snacks aboard flights, especially cross country flights

from New York to California. Moreover, the conduct of American Airlines can not be

considered utterly intolerable or atrocious as no physical harm was ever suffered by either

plaintiffs. Second, the plaintiffs claim that "the defendant's agents were abusive, unprofessional

8

extreme and outrageous." However, plaintiffs' claim is limited to their allegations that the flight

attendants were loud and aggressive when instructing the plaintiff that peanuts would be served

on the flight. Even assuming this to be true, the conduct can hardly be considered as atrocious or

utterly intolerable in a civilized community. Rather, this conduct was initiated properly, and at

the initial stages of boarding.

As such, the plaintiff, Dr. Haque's first cause of action should be dismissed.


## PLAINTIFF DR. HAQUE'S SECOND CAUSE OF ACTION MUST BE DISMISSED AS AMERICAN AIRLINES DOES NOT GUARANTEE A NUT FREE FLIGHT NOR DID AMERICAN AIRLINES NEGLIGENTLY INFLICT EMOTIONAL DISTRESS

Notwithstanding the fact that all of plaintiffs' claims involving the service of food are

preempted, plaintiff, Dr. Haque's argument that American breached its own policy is factually

incorrect. American Airlines maintains as part of its Conditions of Carriage that:

> "American recognizes that some passengers are allergic to peanuts. Although we
> do not serve peanuts, we do serve other nut products and there may be trace
> elements of unspecified peanut ingredients, including peanut oils, in meal and
> snacks. We make no provisions to be peanut-free. Additionally, other customers
> may bring peanuts on board. Therefore, we cannot guarantee customers will not
> be exposed to peanuts during flight and strongly encourage customers to take all
> necessary medical precautions to prepare for the possibility of exposure." (See
> www.aa.com. Further, a copy of the pertinent provisions of defendant's policy is
> attached hereto as **Exhibit "B"**).[1]

---

[1] "In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference . . . and documents that are integral to plaintiff's claims, even if not explicitly incorporated by reference." Hanig v. Yorktown CSD, 384 F.Supp.2d 710 (S.D.N.Y. 2005) (citing Federal Rule of Civil Procedure 10[c]; Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 46-48 (2d Cir.1991); Lee v. State of N.Y. Dep't of Corr. Servs., No. 97 Civ. 7112, 1999 WL 673339, at *2 n. 4 (S.D.N.Y. Aug. 30, 1999); U.S. Fid. & Guar. Co. v. Petroleo Brasileiro S.A.-Petrobas, No. 98 Civ. 3099, 2001 WL 300735, at *2 (S.D.N.Y. Mar. 27, 2001) ("The Court can consider documents referenced in the Complaint and documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing their suit.")). (See also, Yak v. Bank Brussels Lambert, BBL (USA) Holdings, Inc., 252 F.3d 127 (2d Cir. 2001) wherein additional materials will be reviewed when it is "integral to the complaint" and "plaintiff had notice of it."). Consequently, American's Conditions of Carriage and Peanut Policy are annexed hereto as Exhibit "B" to the Declaration of David S. Rutherford.

251286c03ecc8c12

Accordingly plaintiff, Dr. Haque's second cause of action regarding breach of policy should be dismissed as American makes no provisions to be peanut-free and specifically represents that they serve other nuts. In any event, plaintiff Dr. Haque's second cause of action for her emotional distress as a result of a breach of said policy lacks any merit. At the onset, it should be noted that no such cause of action exists in New York for emotional distress resulting from a breach of policy. At best, plaintiff's claim is one one for negligent infliction of emotional distress. However, as discussed above, a claim resulting from a claim of improper airline service is preempted.

Regardless, plaintiff is unable to establish any negligence as required under a claim of negligent infliction of emotional distress, as American acted intentionally and reasonably, in compliance with its existing procedures relating to the service of peanuts.

Further, recovery for purely emotional distress is extremely limited. Jones v. Commerce Bancorp, Inc., 2006 WL 1409492 (S.D.N.Y. 2006). A plaintiff suffering from pure emotional injury may recover under a theory of negligent infliction of emotional distress if either: (1) a bystander who was in the zone of danger suffers emotional trauma as a result of their observations or (2) the defendant breaches a direct duty to the plaintiff which results in emotional injury to the plaintiff. Stephens v. Shuttle Associates, LLC, 547 F. Supp. 2d 269 (S.D.N.Y. 2008). The "bystander" theory permits a plaintiff to recover for purely emotional injury when: (1) she is threatened with physical harm as a result of defendant's negligence; and (2) consequently she suffers emotional injury from witnessing the death or serious bodily injury of a member of her immediate family. Mortise v. United States, 102 F. 3d 693 (2d Cir.1996). The direct duty theory permits recovery for purely emotional injury when a plaintiff suffers emotional

10

injury from defendant's breach of duty which unreasonably endangered her own physical safety. See Stephens at 276.

Here, plaintiff, Dr. Haque does not suffer from a peanut allergy. Thus, despite the claimed emotional injury, Dr. Haque was never threatened with physical harm, nor was her physical safety ever endangered, which is a required element for a claim of negligent infliction of emotional distress. Second, Dr. Haque's son was not injured on this flight and, therefore, Dr. Haque never witnessed any serious bodily injury of a member of her immediate family. Since plaintiff, Dr. Haque's physical safety was never threatened or harmed, nor did she witness any injury to her child, a claim for negligent infliction of emotional distress, either under the direct duty or bystander theory, must fail.

In addition, "a claim for negligent infliction of emotional distress also requires a showing of extreme and outrageous conduct which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." D'Angelo-Fenton v. Town of Carmel, 470 F. Supp. 2d 387, 400 (S.D.N.Y.2007). Here, the conduct of American can hardly be considered as atrocious or intolerable, as it is expected that snacks be served on a cross-country flight, ample warning was provided of the service of snacks and the plaintiffs were not physically harmed in any way.

As such, the plaintiff, Dr. Haque's second cause of action for her emotional distress should be dismissed.

11

**PLAINTIFF, RYAHN KHAN'S THIRD CAUSE OF ACTION OF A VIOLATION OF HIS CIVIL RIGHTS UNDER EITHER 42 USC SECTION 1983 OR THE AIR CARRIER ACCESS ACT ARE IMPROPER**

Despite the fact that plaintiffs' claims are preempted, the third cause of action alleging a violation of the plaintiff, Ryahn Khan's due process rights in violation of 42 U.S.C. 1983, or a violation of the Air Carrier Access Act (ACAA) must be dismissed.

As the Second Circuit has stated, "[s]ection 1983 provides an instrument by which an individual deprived of a federal right by a person acting under color of state law may be compensated." Eagleston v. Guido, 41 F.3d 865, 875 (2d Cir. 1994), *cert. denied*, 516 U.S. 808, 116 S.Ct. 53, 133 L.Ed.2d 18 (1995).

In order to state a claim under Section 1983, a plaintiff must allege that he was injured by either a state actor or a private party acting under color of state law. Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992). "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'" Blum v. Yaretsky, 457 U.S. 991, 1002, 102 S.Ct. 2777, 2784-85, 73 L.Ed.2d 534 (1982); United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991).

To qualify as state action, the conduct in question "must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and " the party charged with the [conduct] must be a person who may fairly be said to be a state actor." Lugar v. Edmondson Oil Co., 457 U.S. 922,

12

937, 102 S.Ct. 2744, 2754, 73 L.Ed.2d 482 (1982). The plaintiff in the case at bar fails to satisfy either of these criteria. American Airlines is a private, rather than a state or governmental corporation. As such, the claim under Section 1983 must fail.

Further, "plaintiff is not entitled to a private cause of action under the Air Carrier Access Act." Ruta v. Delta Airlines, Inc., 322 F. Supp. 2d 391 (S.D.N.Y.2004) See also Wright v. American Airlines, Inc., 249 F.R.D.572 (E.D. MO 2008). As such, it makes no difference whether or not the Department of Transportation declared a nut allergy a disability under the Air Carrier Access Act of 1986-Title 49 Section 41705.[2] Similar to preemption under the Airline Deregulation Act, any private cause of action brought under the Air Carrier Access Act must be dismissed. In fact, this court continues to hold that "Congress did not intend to create a private right of action in a federal district court to vindicate the Air Carrier Access Act's prohibition against disability-based discrimination on the part of air carriers." Ruta v. Delta Airlines, Inc., 322 F. Supp. 2d 391, 402 (S.D.N.Y.2004) See also Love v. Delta Airlines, 310 F. 3d 1347 (11th Cir. 2002). Likewise, this applies to the plaintiffs' inferred claim under 14 CFR Section 382.45 regarding disability-based discrimination.

---

[2]Regardless, it was determined in October 1998 that "hereafter, none of the funds made available under the Department of Transportation and Related Agencies Appropriations Act of 2000, or any other Act, may be used to implement, carry out, or enforce any regulation issued under Section 41705 of Title 49, including any regulation contained in part 382 of Title 14, Code of Federal Regulations, or any other provision of law, that requires or encourages an air carrier to, on intrastate or interstate air transportation (1) provide a peanut-free buffer zone or any other related peanut-restricted area; or (2) restrict the distribution of peanuts, until 90 days after submission to the Congress and the Secretary of a peer reviewed scientific study that determines that there are severe reactions by passengers to peanuts as a result of contact with very small airborne peanut particles of the kind that passengers might encounter in an aircraft." (Pub. L. 106-69, Title III, §346, Oct. 9 1999, 113 Stat. 1023)

Accordingly, an airline is not required to make any accommodations for plaintiff, Ryahn Kahn's peanut allergy.

Rather, this court has previously advised that the proper method for a plaintiff to pursue a disability based claim of discrimination under the Air Carrier Access Act is to either: 1) make a complaint to the air carrier pursuant to its ACAA complaint resolution mechanism, or 2) file a formal complaint with the Department of Transportation.  Ruta at 403.

As such, plaintiff, Ryahn Khan's third cause of action should be dismissed.


## CONCLUSION

Based on the foregoing, the plaintiff's Complaint against American Airlines should be dismissed in its entirety pursuant to FRCP 12 (b)(6) with prejudice, along with any other, further and different relief as this court deems just and proper.

Dated: New York, New York
        August 14, 2008

                              Respectfully submitted,

                              RUTHERFORD & CHRISTIE, LLP

                              BY:
                                  David S. Rutherford (DR 8564)
                                  Attorneys for Defendant,
                                  American Airlines, Inc.
                                  369 Lexington Avenue, 8th Floor
                                  New York, New York 10017
                                  (212) 599-5799